# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **NAPOLEON DRINKARD,** | : |
| Plaintiff, | : |
| vs. | : CIVIL ACTION NO. 18-00450-TFM-B |
| **OFFICER PAUL ONDERDONK,** *et. al.*, | : |
| Defendants. | : |

## ORDER

Plaintiff, an Alabama prison inmate proceeding *pro se*, filed a Complaint and supplemental Complaint (Docs. 1, 7), along with a Motion to Proceed Without Prepayment of Fees (Doc. 2). Plaintiff's motion reflects that he is unable to pay the $350.00 statutory filing fee or any portion thereof at this time. See 28 U.S.C. § 1915(b)(1). Accordingly, Plaintiff is allowed to proceed with this action as provided by 28 U.S.C. § 1915(b)(4), and it is hereby **ORDERED** that Plaintiff's Motion to Proceed Without Prepayment of Fees (Doc. 2) be **GRANTED**.

Upon the screening of Plaintiff's Complaint and supplemental Complaint (Docs. 1, 7) in accordance with 28 U.S.C. § 1915(e)(2)(B), the undersigned finds that both are woefully deficient. In his original filing, Plaintiff lists more than twenty Defendants, and he makes numerous rambling, disjointed assertions that are difficult to decipher. As best the Court can discern, Plaintiff asserts that

he is "registered with the FEC as president of the public service commission" and serves as "principal" to the American Government, and that Defendants conspired to have him certified as mentally ill to deprive him of his position. (Doc. 1 at 11). According to Plaintiff, when that failed to work, Warden Hearn in Saraland falsely issued a "hold" on him. (Id.). In his supplemental Complaint, Plaintiff alleges that he has been held in "arbitration" at Mobile County Metro Jail in connection with a political conspiracy linked to the Russian probe. (Doc. 7 at 1). He further asserts that the primary goal of the conspiracy is to "ward my estate to the state as I am decendant (sic) and legal heir to a very noble ancestor's estate . . . ." (Id.).

Fed. R. Civ. P. 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). When a complaint is not a short and plain statement, the Court is required to intervene at the earliest opportunity and order the plaintiff to re-plead his complaint by filing a complying amended complaint. Pelletier v. Zweifel, 921 F.2d 1465, 1522 (11th Cir. 1991), *cert. denied*, 502 U.S. 855 (1991). In the absence of a complaint containing a short and plain statement of the basis of the claims against each Defendant, the Court and the Defendants are forced to decipher a plaintiff's pleadings "with the expenditure of much time and effort." Id. In this case,

Plaintiff's complaint is wholly deficient because it fails to provide Defendants and this Court with notice of the claims he is seeking to assert against each Defendant. His assertions are rambling, disjointed, and nonsensical.

When considering a *pro se* litigant's allegations, a court gives them a liberal construction, holding them to a more lenient standard than those of an attorney. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a *pro se* litigant] in order to sustain an action." GJR Invs., Inc. v. Cnty. of Escambia, Fla., 132 F.3d 1359, 1369 (11th Cir. 1998) (internal citations omitted), *overruled in part on other grounds by* Ashcroft v. Iqbal, 556 U.S. 662 (2009), *as recognized in* Randall v. Scott, 610 F.3d 701, 709 (11th Cir. 2010) (observing Iqbal's effective overruling of the heightened pleading standard applied in GJR for § 1983 cases involving defendants able to assert qualified immunity). Furthermore, a *pro se* litigant "is subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure." Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989), *cert. denied*, 493 U.S. 863 (1989).

When faced with a deficient complaint, "the trial court, whether or not requested to do so by the party's adversary, ought to require the party to file a repleader." United States ex rel. Atkins v. McInteer, 470 F.3d 1350, 1354 n.6 (11th Cir. 2006); see also Pelletier,

3

921 F. 2d at 1522 (recognizing that when a complaint is not a short and plain statement, the court must intervene at the earliest opportunity and order the plaintiff to re-plead his complaint by filing a complying amended complaint, in order to avoid the court and the defendants having to decipher the plaintiff's pleadings "with the expenditure of much time and effort").

Accordingly, Plaintiff is ordered to file and serve, on or before **February 14, 2019,** an amended complaint. In his amended complaint, Plaintiff is ORDERED to provide facts regarding his claims against each named Defendant and the grounds upon which his amended complaint is based. Moreover, the amended complaint must contain "a short and plain statement of the grounds for the court's jurisdiction[.]" See Fed. R. Civ. P. 8(a)(1). Additionally, Rule 20(a)(2) of the Federal Rules of Civil Procedure requires that only related claims be maintained in the same action. Thus, Plaintiff must file a separate complaint for each claim, unless the claims are related to the same incident or issue. See Fed. R. Civ. P. 20(a)(2).

Plaintiff is cautioned that he must comply with the Court's directives and correct the deficiencies noted above, or this action will be dismissed without prejudice for failure to prosecute and to obey the Court's Order.

The Clerk is directed to send to Plaintiff the form complaint for prisoner actions under 42 U.S.C. § 1983.

**DONE** this the **16th** day of **January, 2019.**

                                        **/S/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**