IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **NAPOLEON DRINKARD, # 590563,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | * CIVIL ACTION NO. 18-00450-TFM-B |
| | * |
| **OFFICER PAUL ONDERDONK,** *et al.*, | * |
| | * |
| Defendants. | * |

## REPORT AND RECOMMENDATION

This action is before the Court on review. Plaintiff Napoleon Drinkard filed the instant action seeking relief under 42 U.S.C. § 1983 while he was a pretrial detainee at the Mobile County Metro Jail.[1] (Doc. 1). He filed a supplemental complaint on December 14, 2018. (Doc. 7).

Drinkard also filed a motion to proceed without prepayment of fees, which was granted on January 16, 2019. (Docs. 2, 9). In the order granting Drinkard's motion to proceed without prepayment of fees, the Court observed that both Drinkard's complaint and supplemental complaint (Docs. 1, 7) were woefully deficient, and thus ordered Drinkard to file an amended complaint on or before February 14, 2019. (Doc. 9 at 1-4). Drinkard filed a second supplemental complaint on January 18,

---

[1] The case was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and S.D. Ala. GenLR 72(a)(2)(R) for appropriate action. (Doc. 3).

2019 (Doc. 11); however, it did not cure the deficiencies noted in the Court's order issued on January 16, 2019.[2]

In an order dated June 12, 2019, the Court noted that an examination of the Mobile County Metro Jail and Alabama Department of Corrections websites reflected that Drinkard was not in either's custody. (Doc. 12 at 1). Because Drinkard had taken no action in the case since the filing of his second supplemental complaint in January 2019 and had failed to advise the Court that he was no longer in custody, it appeared that he had lost interest in this litigation. Accordingly, Drinkard was ordered to advise the Court in writing by July 3, 2019 whether he was still interested in pursuing this action. (Id. at 2). A copy of the order was sent to both the Metro Jail and to a "free world" address Drinkard had listed in his motion to proceed without prepayment of fees. (Id.).

On June 17, 2019, the copy of the order (Doc. 12) sent to Drinkard at the Mobile County Metro Jail was returned to the Clerk of Court as undeliverable, with the notation: "RETURN TO SENDER[.] NO LONGER HERE[.]" (Doc. 13). The copy mailed to the "free world" address listed in Drinkard's IFP motion was also

---

[2] It appears that Drinkard's second supplemental complaint (Doc. 11), which was docketed on January 18, 2019, was drafted and mailed *before* he received the Court's order issued on January 16, 2019, given that the second supplemental complaint was dated January 13, 2019 and did not address or make mention of the deficiencies noted in the Court's January 16, 2019 order. It is noteworthy, however, that Drinkard's copy of the Court's order issued on January 16, 2019 was not returned to the Court as undeliverable. Thus, he is presumed to have received it.

returned as undeliverable. (Doc. 14). However, on June 28, 2019, Drinkard filed a notice of change of address, wherein he advised the Court of what appeared to be a "free-world" post office box address. (Doc. 15).

In an order dated July 12, 2019, the Court advised Drinkard that he remained obligated to pay the entire $350.00 filing fee in this action and that, since he had been released from custody, the Court's collection order directing prison officials to periodically tender payments from his inmate account no longer had any effect. (Doc. 16 at 1). Accordingly, Drinkard was ordered to pay the $350.00 filing fee or file a new motion to proceed without prepayment of fees by August 12, 2019, if he desired to proceed with this action. (Id. at 1-2). He was also directed to file an amended complaint on the Court's § 1983 complaint form no later than August 12, 2019. (Id. at 2-3). Drinkard was cautioned that his failure to comply with the Court's directives would result in a recommendation of dismissal for failure to prosecute and obey the Court's order. (Id.). In addition, the Clerk was directed to send to Drinkard, at the address he provided, the form for a motion to proceed without prepayment of fees, the form for a § 1983 complaint, and a copy of the Court's January 16, 2019 order directing him to file an amended complaint on the form required by the Court. (Id.).

To date, Drinkard has not complied with the Court's order dated July 12, 2019. He has not filed an amended complaint on

the Court's § 1983 form and has not paid the $350.00 filing fee or, in lieu thereof, filed a new motion to proceed without prepayment of fees. In fact, Drinkard has not responded in any manner to the Court's order dated July 12, 2019, and he has offered no explanation for his failure to do so.

An action may be dismissed if the plaintiff fails to prosecute it or if he fails to comply with any court order. See Dickinson v. Granade, 2016 U.S. Dist. LEXIS 85448, at *26, 2016 WL 3647181, at *8 (S.D. Ala. June 1, 2016), report and recommendation adopted, 2016 U.S. Dist. LEXIS 85145, 2016 WL 3637093 (S.D. Ala. June 30, 2016) (citing Fed. R. Civ. P. 41(b)); see also Link v. Wabash R.R. Co., 370 U.S. 626, 630-631 (1962) (holding district courts have the power to dismiss a cause of action *sua sponte* for failure to prosecute); World Thrust Films, Inc. v. Int'l Family Entm't, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995) (stating that a district court may dismiss actions for failure to comply with rules when "(1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice").

Here, Drinkard has repeatedly engaged in a clear pattern of delay by failing to promptly update his address upon release from incarceration and failing to comply with multiple orders and directives of the Court. Accordingly, the undersigned finds that at this juncture, no lesser sanction than dismissal will

4

suffice.  It is therefore RECOMMENDED that this action be dismissed without prejudice for failure to obey the Court's Orders and to prosecute this action.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court.  See 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c).  The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."  11th Cir. R. 3-1.

In order to be specific, an objection must identify the specific finding or specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or

refers to the briefing before the Magistrate Judge is not specific.

**DONE** this **1st** day of **October, 2019.**

                                                 **/s/ SONJA F. BIVINS**
                                    **UNITED STATES MAGISTRATE JUDGE**